UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALCEE BROWN (#223287)

VERSUS                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF PUBLIC                  NUMBER 12-161-FJP-SCR
AND CORRECTIONS

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 27, 2012.

                                      STEPHEN C. RIEDLINGER
                                      UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALCEE BROWN (#223287)

VERSUS                                          CIVIL ACTION

LOUISIANA DEPARTMENT OF PUBLIC                  NUMBER 12-161-FJP-SCR
AND CORRECTIONS

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Avoyelles Correctional Center (AVC), Cottonport, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections. Plaintiff alleged that on September 16, 2011, while confined at AVC, Sgt. Coleman and Sgt. Louis transported him in a van to the Louisiana State University Medical Center for medical treatment. Plaintiff alleged that he had difficulty maneuvering because he was restrained and when he attempted to exit the van he fell face first onto the ground. Plaintiff alleged that Sgts. Coleman and Louis were negligent because they were clowning around when they should have been assisting him out of the van. Plaintiff alleged that he sustained unspecified bodily injury and sought monetary damages.

### Applicable Law and Analysis

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any

> action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not

done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir. 1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D. La. 1985).

Second, a review of the complaint form showed that in Part III of the complaint form the plaintiff identified the Louisiana Department of Public Safety and Corrections Secretary as a defendant.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary of the Department of Public Safety and Corrections is responsible for the actions of his subordinates is insufficient to state a claim under § 1983. *Monell*

*v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Third, even if the plaintiff were to amend the complaint to name Sgts. Coleman and Louis as defendants, the complaint would nonetheless be subject to dismissal as frivolous. The due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii), and without leave of court to amend the complaint.

## RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (iii) and without leave of court to amend the complaint.

Baton Rouge, Louisiana, March 27, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE